President, Directors, &c. of the Worcester Bank *vs.* Lloyd W. Wells & another.

When the drawee of a bill of exchange, who resides in New York, writes a letter there to the drawer, who resides in this State, accepting the bill, which was drawn in this State, the contract of acceptance is made in New York, and is governed by the law of that State ; and the bill must be presented there to the acceptor for payment.

By the law of New York, an acceptance of a bill of exchange, " written on a paper other than the bill, shall not bind the acceptor, except in favor of a person to whom such acceptance shall have been shown, and who, on the faith thereof, shall have received the bill for a valuable consideration." A. drew a bill on B. in New York, and procured it to be discounted at a bank: B. afterwards wrote a letter to A accepting the bill, and A. exhibited the letter to the officers of the bank. *Held* that the bank could not maintain an action against B. on his acceptance.

A promise to accept a bill of exchange is a chose in action, on which no one besides the immediate promisee can maintain a suit in his own name.

Assumpsit on an alleged acceptance of a bill of exchange and on an alleged promise to accept it.   The bill declared on was this :   " Farnumsville, March 3d 1842.   Six months after date, pay to the order of Peter Farnum, fifteen hundred dollars, value received, which place to account of your obt. servts.

Farnum & Wright.

To Messrs. Wells & Spring, New York."

The parties submitted the case to the court, on the following agreed statement :   On the 3d of March 1842, and for some

years previous thereto, Farnum & Wright, the drawers of the bill declared on, were manufacturers of cloth, at a place called Farnumsvil e, in Grafton, in this county. On that day, they forwarded 38 bales of shirting to the defendants, commission merchants in the city of New York, to be sold by them for the benefit of the drawers. On the same day, said Farnum & Wright drew the bill declared on, and sent, per mail, an invoice of the goods, with notice of the said bill, to the defendants, who were domiciled in New York. On the same day, said Farnum & Wright offered the said bill, indorsed in blank by Peter Farnum, one of the drawers, at the banking-house of the plaintiffs, for discount, stating all the foregoing facts, and assuring the plaintiffs that the bill would be duly honored. They had previously, at sundry times, drawn bills on the defendants, which had been discounted by the plaintiffs under the same circumstances, which the defendants had accepted and paid. Whereupon the plaintiffs discounted the bill declared on, of which $500 were paid to the drawers, and the balance was carried to their credit as a deposit. The next week, $500 more were paid to the drawers, as part of their said deposit. The balance has never been paid nor demanded ; the drawers becoming bankrupts soon after the second payment, to wit, on the 10th or 12th of said March. On the 16th of said March, the plaintiffs, not knowing of the writing or the existence of the letter of acceptance hereafter mentioned, indorsed the bill, by their cashier, and transmitted it to a bank in New York, and that bank caused said bill to be protested for non-acceptance, and, at the maturity thereof, caused it to be protested for non-payment.

On the 8th of March 1842, the defendants wrote the follow ing letter to the drawers : " New York, March 8th 1842. Messrs. Farnum & Wright. Gentlemen : We have your two favors 25th ult. and 3d inst., with invoice of 38 bales shirtings, which shall on arrival receive our best attention." (Here were inserted remarks on the dull state and prospects of the market.) " As our market now stands, we should prefer not advancing over 4½ cents on your shirtings. We hope to get,

of course, much more than will cover this price ; but we wish to feel ourselves secure under any state of things. Your draft for $1500 will be duly accepted ; but in future shipments, please draw at the rate of 4½ cents per yard. We will duly advise you, as we progress in sales. Yours, &c.

Wells & Spring."

This letter was mailed at Providence, R. I., and received by said drawers, at Grafton, on the 10th or 11th of the same month, and was afterwards delivered by them to the plaintiffs, as evidence of the acceptance of said bill.

The following statutory provisions are in force in the State of New York : " No person within this State shall be charged as an acceptor on a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent. If such acceptance be written on a paper other than the bill, it shall not bind the acceptor, except in favor of a person to whom such acceptance shall have been shown, and who on the faith thereof shall have received the bill for a valuable consideration." 1 Rev. Sts. of N. York, Part II. *c.* IV. Tit. II. §§ 6, 7.

*Burnside,* for the plaintiffs. The defendants' letter was an acceptance of the bill. 2 Met. 406. *Wynne* v. *Raikes,* 5 East, 514. Bayley on Bills, (2d Amer. ed.) 154, 164, 168, 172. Story on Bills, §§ 242, 244. And the New York *St.,* men tioned in the statement of facts, does not affect this case. 1st. Because the bill in question was a foreign bill, (12 Pick. 483,) and that *St.* was intended to apply only to inland bills. The words are, " no person within this State shall be charged," &c. It would be mischievous to legislate so as to disturb the law merchant in other States. The English *St.* 1 and 2 Geo. IV *c.* 78, requiring an acceptance to be in writing on the bill, extends, in terms, only to inland bills. Such also is the true construction of the New York statute. 2d. Because, if that *St.* applies to foreign bills, it relates only to the evidence by which an acceptance is to be governed, or the remedy, or the time within which the remedy is to be sought ; and all this is merely local, and does not touch the validity of the acceptance. Story on Bills, § 137. *McClees* v. *Burt,* 5 Met. 198. *Pear*

*sall* v. *Dwight,* 2 Mass. 84.   *Cahill* v. *Bigelow,* 18 Pick. 369.
3d.  Because the contract is between a citizen of this State and
a citizen of New York, and the suit thereon is brought here.
*Baker* v. *Wheaton,* 5 Mass. 511.   *Watson* v. *Bourne,* 10 Mass.
337.   *Russell* v. *Blanchard,* 13 Mass. 1.   *Braynard* v. *Marshall,*
8 Pick. 194.   *Wynne* v. *Jackson,* 2 Russell, 351.   *James* v.
*Catherwood,* 3 Dowl. & Ryl. 190.   In Story on Bills, §§ 158,
166, 167, fault is found with some of these decisions.  But it is
upon the gratuitous assumption, that by the understanding of
the parties, a note, payable generally, is, by the law of the con-
tract, payable where it is made.

In *Williams* v. *Wade,* 1 Met. 82, which may be relied on
against this third position, it does not appear that the indorsee,
whose rights were held to depend on the law of Illinois, was not
a citizen of that State.

The acceptance now in question was not made in New
York, but here ; so that the law of New York, whatever it is,
does not apply.   The acceptance by letter operated as such
when it was received here.   The defendants might have taken
back the letter, which they sent to Providence to be mailed,
before it reached the drawers.   *Cox* v. *Troy,* 1 Dowl. & Ryl
38, and 5 Barn. & Ald. 474.   *Bentinck* v. *Dorrien,* 6 East,
199.   Or the drawers might have refused to take that accept
ance, and have insisted upon an acceptance on the bill.

The protest of the bill for non-acceptance, while the holders
were not aware that it had been accepted, does not prevent
their now insisting on the acceptance.   Bayley on Bills, (2d
Amer. ed.) 172, 183.   *Fairlee* v. *Herring,* 3 Bing. 625.

The count on the promise to accept does not come within the
New York statute, provided the plaintiffs relied on the promise.
They negotiated the bill to a bank in New York for the purpose
of presenting it for acceptance, and they relied on the letter for
*payment* by the acceptors, though the letter was not seen by
them before they discounted the bill.   The difficulty, if there
be one, on this count, is that the promise was not made directly
to the plaintiffs.

*Bacon,* (*Barton* was with him,) for the defendants    If the

letter distinguished the bill from all others, sufficiently to make it a binding acceptance, within the rule in 2 Met. 406 — which is denied — still it was not a promise to accept. When it appears, from the whole of a letter, that an acceptance was not intended, it will not be construed as an acceptance, though the word " accept " be used. *Musgrove* v. *Hudson,* 2 Stew. 464. See also 1 Stephens Nisi Prius, 827, 828. The letter, in this case, was an acknowledgment of having received advices, &c. The goods had not been received ; and the drawees meant to say that if the goods should arrive, and things remained as they were, they *should accept.* They were advised of the drawing of the bill, but they were not requested to accept, and did not intend to accept, unless they should be in funds. And if their letter was an acceptance, as to the drawers, yet the plaintiffs cannot avail themselves of it, as they did not take the bill on the credit of the letter. *Miln* v. *Prest,* 4 Campb. 393. Neither the letter nor the bill shows (as was shown in *Carnegie* v. *Morrison,* 2 Met. 381) that the promise was intended for the benefit of a third party. See *McEvers* v. *Mason,* 10 Johns. 214. *Goodrich* v. *Gordon,* 15 Johns. 12. *Ontario Bank* v. *Worthington,* 12 Wend. 598. *Russell* v. *Wiggin,* 2 Story R. 213.

If the letter was a promise to accept, it was to accept in New York, and advance money on goods consigned. If it was an acceptance, it was a promise to pay, and to pay in New York, where the consignees resided ; and such must have been the understanding of both parties. Story's Conflict of Laws, §§ 317, 347. The contract, if any, was made in New York, where the ultimate consent of the defendants was given ; and must be governed by the laws of that State. *McIntyre* v. *Parks,* 3 Met. 207. Story's Conflict of Laws, §§ 242, 319. *Boyce* v. *Edwards,* 4 Pet. 111. Story on Bills, §§ 137, 164. *Williams* v. *Wade,* 1 Met. 82. *Russell* v. *Wiggin, ubi sup.* *Springer* v. *Foster,* 6 Law Reporter, 109, and 2 Story R 387. *Carnegie* v. *Morrison,* 2 Met. 381. *Warren* v. *Copelin,* 4 Met. 594.

Before the letter was seen by the plaintiffs, the defendants might have revoked the contract ; and as the drawers became

bankrupt before the plaintiffs saw the letter, there was a revocation in law, and the defendants had a right to refuse to accept the bill. Chit. on Bills, (6th ed.) 169, 170. Beawes Lex Mercatoria, as cited in 5 East, 519.

The count on the promise to accept cannot be maintained. The promise was made, if at all, to the drawers, and the indorsees cannot sue for a breach of it. *Johnson* v. *Collings*, 1 East, 104. Chit. on Bills, (6th ed.) 169.

WILDE, J. Upon the facts agreed, the general question is, whether there has been a valid acceptance of the bill declared on; and that depends on two other questions, which have been ably argued by the counsel. The first is, whether the contract of acceptance was made in this Commonwealth, or in the State of New York: The second is, whether the validity of the contract of acceptance is to be determined by the law here, or by the law of New York.

The first question is, we think, settled by the principles laid down in *Carnegie* v. *Morrison*, 2 Met. 381. In that case, the defendants' agent in Boston contracted, in their behalf, with John Bradford, that they would accord a credit in his favor, on the usual terms and conditions, for the sum of £3000 sterling. The letter of credit was forwarded to the plaintiffs, who were merchants in Gottenburg, requesting them to draw on the defendants, who were bankers in London, for that amount; which was accordingly done. That case, and another involving the same principles, were ably argued by counsel and fully considered by the court. It was decided that the letter of credit was a contract made in this State; and we consider that decision, and the principles laid down therein, as conclusive of the present question. If this case differs from that, the difference is more favorable to the defendants; for in that case the contract was to be performed in a foreign country, and in this, the defendants' contract was made and to be performed in New York. It was argued, for the plaintiffs, that the defendants' letter, promising to accept the bill, was not a completion of the contract, until it was received by the drawers, Farnum & Wright. But we do not so consider it. When the defendants agreed to their request,

and put their letter in the mail, the contract, we think, was complete. If the defendants made any binding promise, it was made in New York, and to be performed there. A presentment of the bill for payment here would not have been a good presentment. If the validity of the contract is to be determined by the law of New York, it is clear that the defendants are not liable as acceptors. By the statute referred to, a promise to accept, in a letter, or on any other paper than the bill itself, is not an acceptance, where the party has not taken the bill on the faith of such promise. And it is agreed that this bill was discounted by the plaintiffs without any knowledge of the letter of acceptance.

The second question to be decided is, whether the validity of the contract is to be determined by the *lex loci,* or the *lex fori ,* and this question, we think, is clearly settled, although there have been conflicting decisions as to the revenue laws of a foreign State. But those decisions are distinguishable from cases of other contracts. They refer to contracts made in one country, to be executed in contravention of the revenue laws of a foreign State, and not to contracts made in a foreign State, to carry on smuggling against its laws. Judge Story is of opinion that contracts of the latter description would be void every where, and his opinion seems to us to be founded on well established principles, and is only seemingly inconsistent with the doctrine that a court cannot take notice of the revenue laws of a foreign State. The cases in which this doctrine has been held were not founded on contracts made in contravention of its laws, and therefore are not inconsistent with the general principle, that a contract, void by the law of the place where it is made, is void every where. Judge Story remarks, that this is as clearly settled as any thing can be ; and we think the remark is fully supported by the authorities and well established principles. Story on Bills, § 137, and Conflict of Laws, § 242 In *Williams* v. *Wade,* 1 Met. 82, it was decided that a note made in Illinois and indorsed there, was a contract to be governed by the law of that State.

We are therefore of opinion that the defendants are not by law iable as acceptors; and it is quite certain that the plaintiffs cannot

maintain their action on the defendants' promise to accept. That is a chose in action, not negotiable or assignable, so as to enable the assignees to maintain an action in their own names.

*Plaintiffs nonsuit.*